UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

TAMARA L. PHILLIPS,                                    No.  7-13-11987 TA

       Debtor.

JEFF BALDWIN,

       Plaintiff,

v.                                                     Adv. No. 13-1079 T

TAMARA L. PHILLIPS,

       Defendant.

## **MEMORANDUM OPINION**

      This matter is before the Court on the Plaintiff's Motion for Summary Judgment.[1]  The

Defendant responded[2] and the Plaintiff filed a supporting reply.[3]  For the reasons set forth herein,

the Motion will be granted in part and denied in part.

I.       <u>FACTS</u>

      The following facts are established through admissible evidence and are not in genuine

dispute:

      Plaintiff and Defendant were married on May 8, 1994.  They have two children.  They

were divorced effective September 8, 2004, as set out in a Final Decree of Dissolution of

Marriage entered by the New Mexico district court in no. DM-2003-478 (the "Divorce Case").

Ten years later, the battle between the parties continues.

---

[1] Docket No. 16 (the "Motion").
[2] Docket No. 18 (the "Response").
[3] Docket No. 20 (the "Reply").

Custody, visitation, and child support rights were hotly contested in Divorce Case. One issue was the right to claim the children as dependents on the parties' income tax returns. In an order dated June 23, 2005, the state court allowed each party to claim one child on his or her income tax return. The Defendant did not comply with this order, instead listing social security numbers of both children on her 2008 and 2009 returns.

On November 18, 2005, the state court entered an order (the "2005 Order") sanctioning the Defendant a total of $850. $500 of this amount was for Defendant's failure to file an amended tax return, while $350 was for Defendant's refusal to allow an inventory of personal property.[4]

On July 27, 2009, the state court set Defendant's monthly child support obligation to Plaintiff at $55 per month (the "2009 Order"). In the same order, the court found that Defendant owed Plaintiff $860 for her share of the children's uninsured medical expenses that Plaintiff had paid. The court ordered Defendant to pay this amount over time.

Finally, in an order entered September 1, 2010 (the "2010 Order"), the state court entered judgment against the Defendant and in favor of Plaintiff for $9,997.40. Of this amount, $9,108.40 was to compensate Plaintiff for Defendant's wrongful use of both children's social security number on her 2008 and 2009 tax returns. The remaining $889.00 was for Defendant's share of the children's uninsured medical expenses that Plaintiff had paid.[5]

---

[4] There is no dispute that the $350 sanction was purged. It is disputed whether the $500 sanction also was purged.
[5] It is disputed whether this $860 is a portion of, or in addition to, the $889 awarded in the 2010 Order.

-2-

## II.    PROCEDURAL POSTURE

The only relief Plaintiff requested in this adversary proceeding is for the Court to declare that "Defendant's obligations to Plaintiff are not dischargeable in bankruptcy."  Complaint, filed September 13, 2013, doc. 1, p. 2.  Although the Plaintiff cites both 11 U.S.C. §§523(a)(5) and (a)(15) in the Complaint, he does not ask the Court to determine whether the debts at issue fall into § 523(a)(5) or § 523(a)(15).  Accordingly, the Court will not make such a determination.[6]

## III.    SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment.  *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries

---

[6]  Unlike liens securing § 523(a)(15) claims, judicial liens securing § 523(a)(5) claims expressly cannot be avoided.  *See* § 522(f)(1)(A).  Because of that distinction, ruling whether some of the debts at issue come within § 523(a)(5) could narrow the issues raised in the Defendant's Motion to Avoid Judicial Liens on Property, filed by Defendant in the main bankruptcy case on October 1, 2013, doc. 20.  Nevertheless, because the Plaintiff did not ask for such a ruling, none will be made at this time.

-3-

the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine fact issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

IV.     DISCUSSION

A.     Issues Finally Determined by the State Court Will Not Be Relitigated.

Bankruptcy court may not be used by parties to relitigate issues previously decided in state court. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires this Court to "give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered." *Jarrett v. Gramling*, 841 F.2d 354, 356 (10th

-4-

Cir. 1988).[7]  Issue preclusion and claim preclusion prevent relitigation of issues and claims, respectively, that were previously determined by a court of competent jurisdiction.  *See Strickland v. City of Albuquerque,* 130 F.3d 1408, 1411 (10th Cir. 1997), citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (federal courts give the same preclusive effect to state court judgments as those judgments are given by the state court).

New Mexico recognizes both issue and claim preclusion.  *See Shovelin v. Cent. N.M. Elec. Co–op., Inc.,* 850 P.2d 996, 1000 (N.M. 1993) (setting forth elements of issue preclusion in New Mexico); *Strickland,* 130 F.3d at 1411 (discussing application of claim preclusion under New Mexico law).  As set forth in *Strickland*, federal courts must use the law of the state court that issued the judgment when applying the preclusion doctrines.

1.    Claim Preclusion.  Claim preclusion requires proof of four elements: "(1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits." *Strickland*, 130 F.3d at 1411, citing *Myers v. Olson,* 676 P.2d 822, 824 (N.M. 1984). While the first two elements are met, the third and fourth elements have not been established.  In the Divorce Case, the state court ruled that the Defendant owed money to the Plaintiff for three reasons: unreimbursed healthcare expenses for the children; sanctions for failing to comply with court orders; and reimbursement for improperly claiming (or listing) children on tax returns.

---

[7] This should not be confused with the *Rooker-Feldman* doctrine, a much narrower rule that prevents "state-court losers" from using lower federal courts as courts of appeal from final state court judgments.  *Lance v. Dennis,* 546 U.S. 459, 465 (2006).  Pursuant to 28 U.S.C. § 1257, exclusive federal jurisdiction over appeals from final state court judgments is vested in the United States Supreme Court.  *Lance v. Dennis,* 546 U.S. at 463, citing *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  *See also In re Miller,* 666 F.3d 1255 (10th Cir. 2012) (citing *Lance v. Dennis* and acknowledging the limited scope of the *Rooker-Feldman* doctrine).

-5-

There is no evidence that the state court determined whether the amounts owed were nondischargeable under § 523. It is clear that the subject matter and causes of action in the Divorce Case and this adversary proceeding are different. Claim preclusion therefore cannot be used to determine or narrow the claim asserted in this adversary proceeding.

2. <u>Issue Preclusion</u>. Issue preclusion also requires proof of four elements: "(1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation." *Shovelin*, 850 P.2d at 100 (citation omitted). Here, all four elements are satisfied with respect to determining whether a debt exists and, except as provided below, the amount of the debt. First, the Defendant was a party to the Divorce Case, and there has been no suggestion that Defendant did not have a full and fair opportunity to litigate these issues in that action. Second, as set forth above, the cause of action in the case at bar is different from the matters determined in the Divorce Action. Third, the state court actually determined that the following debts were owed to the Plaintiff:

| Basis for Debt | Amount of Debt | Genuine Dispute |
|---|---|---|
| 2005 Order. | $850 ($500 and $350) | Yes. Defendant alleges that $500 was purged. Plaintiff agrees that $350 was purged. |
| 2009 Order | $860 | Yes, in part. Defendant alleges that this debt was rolled into the $889 due under the 2010 Order. |
| 2010 Order | $9,997.40 ($889 and $9,108.40) | Yes, in part. Defendant alleges that the $889 consisted primarily of previously owed amounts and is not a new debt. No dispute regarding remainder. |

Finally, the debts were necessarily determined in the Divorce Case. Issue preclusion, therefore, prevents the relitigation of the existence of these debts.

B.    The Debts are Nondischargeable.

Section 523(a)(5) excepts from discharge "any debt for a domestic support obligation." In turn, § 523(a)(15) excepts from discharge

> any debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

Although the term "domestic support obligation" has a limited definition in this context, *see e.g. In re Parra*, 2014 WL 3616209 (Bankr. D.N.M. 2014) (describing determination of whether a debt is a domestic support obligation), no such limitations have been applied to § 523(a)(15). In *In re Taylor*, 737 F.3d 670 (10th Cir. 2013), the Tenth Circuit rejected a challenge to an application of the plain statutory language of § 523(a)(15) and held:

> '[W]e cannot reject an application of the plain meaning of the words in a statute on the ground that we are confident that Congress would have wanted a different result.' It is not unthinkable that Congress would place importance on all marital obligations, regardless of whether the debt was owed to or by the dependent spouse—even above the need for the debtor's fresh start.

*Id.*, at 682, citing *Robbins v. Chronister*, 435 F.3d 1238, 1241 (10th Cir. 2006).

Applying the plain language of § 523(a), the Court holds that all the debts established in the Divorce Case, including those addressed in this adversary proceeding, are nondischargeable under either § 523(a)(5) or (a)(15).

C.      There are Questions of Fact Regarding the Amounts Owed.

As set forth in the table above, there are genuine issues of material fact regarding the amount of the two debts:

-- Sanctions Amount. The Plaintiff alleges that $500 is still due from the 2005 Order. Affidavit of Jeff Baldwin, ¶ 15. The Defendant alleges that this $500 has been purged according to the terms of the order. Affidavit of Tamara L. Phillips, ¶ 8. This creates a genuine issue of material fact, and the Court will take evidence on this issue at trial.

-- Uninsured Medical Expense Reimbursement. The Plaintiff alleges, correctly, that the state court awarded him $860 in the 2009 Order and $889 in the 2010 Order. Both sums are for reimbursement for the children's uninsured medical expenses paid for by the Plaintiff. The Defendant makes two arguments that the amounts are not owed. First, she argues that the $860 is not owed Plaintiff because she is paying it to the State of New Mexico as child support arrears. This argument fails; any amounts collected by the state are owed to Plaintiff and collected on Plaintiff's behalf. While care must be taken to ensure no double payment, the debt, if owed, is owed to Plaintiff. Second, Defendant argues that the $860 is part of the $889 awarded in the 2010 Order. Affidavit of Tamara L. Phillips, ¶ 12. That creates a fact issue. At trial, the Court will take evidence on whether the $860 and $889 reimbursement payments are for separate and distinct expenses, or if they overlap.

D.      Defendant's Request for Additional Time For Discovery is Not Well Taken.

-8-

In her Response, Defendant asks for more time to conduct discovery, pursuant to Fed.R.Civ.P. 56(d).[8] The request lacks merit and will be denied.

To be granted relief under Fed.R.Civ.P. 56(d), the party opposing summary judgment must file "an affidavit explaining why he cannot present specific facts in response to the motion." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1082 (10th Cir. 1985) (setting forth requirement under former Fed.R.Civ.P. 56(f)).[9] This affidavit must state "with specificity how 'the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment.'" *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992), citing *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). Additionally, "a mere assertion that the evidence supporting a [party's] allegation is in the hands of the [opposing party] is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Weir*, 773 F.2d at 1083, citing *Patty Precision v. Brown & Sharpe Mfg. Co.,* 742 F.2d 1260, 1264 (10th Cir. 1984).

In her affidavit, the Defendant asserts that "Plaintiff has not produced a signed copy of his 2007 income tax return nor the schedules and Earned Income Credit statements which are part of his 2008 and 2009 income tax returns." Affidavit of Tamara L. Phillips, ¶ 2. This is insufficient to invoke the protections of Fed.R.Civ.P. 56(d). First, the affidavit fails to state what these tax returns would reveal and why the information might be relevant. Second, the affidavit does not indicate whether the tax returns were sought in discovery. If they were, the proper motion would be one to compel. If not, it is too late to be commencing discovery and the

---

[8] Fed.R.Civ.P. 56(d) provides: If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery, or (3) issue any other appropriate order.

[9] The Commentary to the 2010 Amendments to Fed.R.Civ.P. 56(d) states: "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."

documents should have been requested long ago.[10]  Third, there is no allegation regarding how the information would help rebut the factual assertions made in the Motion.  A bare assertion that the information is needed is insufficient.

Additionally, as set forth above relitigation of issues determined in the state court is not allowed.  It appears that the only relevance of the requested information would be to collaterally attack or relitigate one or more of the state court's rulings.  Because such attack or relitigation is not permitted, the discovery would not be needed or relevant.

In sum, the Defendant has not adequately specified reasons why she cannot present facts essential to justify her position in opposition to the Motion.  Defendant's Fed.R.Civ.P. 56(d) request will be denied.

## V.   CONCLUSION

There is no dispute that the state court awarded money to Plaintiff in the Divorce Case. There are (potentially) three separate debts that are owed and were clearly incurred by the Defendant in the course of the Divorce Case.  At this point it is appropriate to enter a judgment in favor of the Plaintiff and against the Defendant that the amount of $9,968.40 is non-dischargeable under § 523(a)(5) or (a)(15).  This consists of $9,108.40 owed under the 2010 Order and $860.00 owed under the 2009 Order.

There are genuine disputes of fact regarding the remaining amounts owed, but there is no dispute that, to the extent any additional sums are owed, they also would be nondischargeable. The Court will enter an appropriate judgment and order.

Defendant's Rule 56(d) request will be denied.

---

[10] The discovery deadline, originally scheduled to end March 4, 2014, was extended to March 31, 2014.  See order entered March 5, 2014, doc. 14.  This gave the parties almost five months of discovery, an ample amount of time.

-10-

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: July 29, 2014.


Copies to:

Michael K Daniels
P.O. Box 1640
Albuquerque, NM 87103-1640

Walter L Reardon, Jr.
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536